(No. 1782—)

JAMES HICKEY, JR., BY HIS FATHER AND NEXT FRIEND, JAMES J. HICKEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1932.*

HECTOR A. BROUILLET, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, James Hickey, Jr., by his father and next friend, James J. Hickey, presents a claim to this court for damages in the amount of Ten Thousand Dollars because of an injury received by him on August 4, 1930. It appears that on the above day the said James Hickey, Jr., who is fourteen years of age, was in line waiting to enter a bathing pool main-

tained at Garfield Park by the West Park Commission in the City of Chicago. While he was thus in line someone threw a very small article at one Robert Anderson, a policeman in attendance at the pool, whereupon, several of the boys ran away and the said policeman chased those whom he suspected. James Hickey, Jr., was one of the boys who ran away laughing and as he did so the policeman, who had evidently lost his temper, shot the Hickey boy in the chest and the bullet still remains in one of his lungs due to the dangerous consequences of a possible operation.

There seems to be no doubt that this boy received a very serious injury and suffered physically and mentally because of this unfortunate occurrence.

The Attorney General has filed a demurrer on behalf of the State of Illinois setting up the plea that the Court of Claims has no jurisdiction in this case. It is therein contended that the West Chicago Park Board of Commissioners is a Municipal Corporation with the inherent power to sue and be sued and therefore this court has no jurisdiction over claims involving an employee of the said park board.

The claimants take issue with the contention.

We believe that the rule laid down and the law expressed in the case of *Perkins, Fellows and Hamilton* vs. *State of Illinois,* Volume 4, Page 197, Illinois Court of Claims Reports is correct. It is there clearly and concisely decided that ''the Court of Claims has no jurisdiction over suits against Municipal Corporations.'' The Supreme Court of this State has decided that the West Park Board of Commissioners is a Municipal Corporation created by an Act of the Legislature in February, 1869.

Although the question is not raised by the State in this case we believe that a governmental function was being exercised and consequently no liability would attach because of the tort of an officer, agent or employee.

As a matter of law the demurrer filed by the Attorney General in behalf of the State of Illinois is sustained and the case dismissed.